IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 11–03–BU–DWM |
| Plaintiff, | |
| vs. | ORDER |
| NICHOLAS ALBRECHT, | |
| Defendant. | |

On January 19, 2024, Defendant Nicholas Albrecht filed a motion to reduce

his 240-month federal drug sentence under 18 U.S.C. § 3582(c)(1)(A).  (Doc. 91;

*see* Doc. 58 (Judg.).)  His projected release date is February 16, 2028.  *See* Inmate

Locator, http://www.bop.gov/inmateloc (accessed September 20, 2024).  On

January 21, 2024, counsel was appointed to represent the defendant.  (Doc. 93.)

Appointed counsel filed an amended motion on March 22, 2024.  (Doc. 96.)  The

government opposes.  (Doc. 98.)  For the reasons discussed below, Albrecht's

motion is denied.

ANALYSIS

The First Step Act of 2018 gives district courts wide discretion to reduce an

existing term of imprisonment so long as a defendant first seeks relief from the

Bureau of Prisons ("BOP") and the reduction: (1) is consistent with the applicable

1

policy statements of the Sentencing Commission, (2) takes into consideration the

sentencing factors of 18 U.S.C. § 3553(a), and (3) is warranted by "extraordinary

and compelling reasons."  18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2

F.4th 1278, 1283–84 (9th Cir. 2021) (per curiam).  Thus, this Court's decision

turns on whether the defendant has presented extraordinary and compelling reasons

for a reduction and whether that reduction comports with the objectives of

§ 3553(a).  *See id.*

Here, Albrecht argues that changes in the law, evidence of his rehabilitation,

and his release plan collectively constitute extraordinary and compelling reasons to

reduce his sentence to time served.  The government argues Albrecht does not

satisfy any of the Sentencing Commission's categories establishing an

extraordinary and compelling reason for early release, and that the application of

the § 3553(a) factors weigh against granting his motion.  Despite encouraging

evidence of Albrecht's rehabilitation and strong family support, because he has not

demonstrated he has an extraordinary and compelling reason for early release and

the § 3553(a) factors weigh against it, Albrecht's motion is denied.

## I.    Exhaustion of Administrative Remedies

A defendant may only file a motion for compassionate release with the

district court once he has "fully exhausted all administrative rights to appeal a

failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the

lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Albrecht filed a request for relief with the warden at his facility on May 31, 2020, and it was denied on July 24, 2020. (*See* Doc. 97-1.) Albrecht has therefore exhausted his administrative remedies as required by statute.

## II.    Extraordinary and Compelling Reasons

The Sentencing Commission provides explicit examples of what constitutes an "extraordinary and compelling reason," including non-retroactive changes in the law when the defendant has served at least 10 years of an unusually long sentence and the change in law would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed. U.S. Sent'g Comm'n, Guidelines Manual § 1B1.13(b)(6). The Sentencing Commission also explains that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." *Id.* § 1B1.13(d).

Albrecht has served more than 14 years of his 20-year sentence for trafficking over 11 pounds of methamphetamine into the Butte, Montana community. (PSR ¶¶ 7–13.) Albrecht now argues that his 240-month sentence is unusually long because the mandatory minimum sentence for his offense of conviction has been reduced from 20 years to 15 years since he was sentenced and this change in law, together with evidence of his rehabilitation and strong family

3

support establish extraordinary and compelling reasons for his early release.[1]  The

government counters that because Albrecht was determined to be a "Career

Offender," there are no changes in the law that would have altered his original

advisory Guidelines range of 292 to 365 months, (*see* PSR ¶¶ 26, 63), were he to

be sentenced today, (Doc. 98 at 8–9).  The government is correct.  Albrecht's

original sentence of 240 months imprisonment was not unusually long; it was

deemed by the Court to be sufficient but not greater than necessary based on the

nature of the offense and the defendant's history and characteristics, and it was a

significantly lower sentence than his Guidelines range advised, a range that has

not changed.

    Along with his motion for compassionate release, Albrecht submitted a

number of letters from friends and family members who expressed heartfelt

support for the positive changes Albrecht has made in his character and outlook on

life, and they eagerly await his return home.  (*See* Doc. 97-4.)  These letters,

Albrecht's consistent participation in BOP programming, and his ability to

successfully maintain employment and contribute positively to his family and

---

[1] Albrecht also argues that a second change in law applies to him, citing changes to
the criminal history rules in Part A of Amendment 821 to the United States
Sentencing Guidelines because he received two "status points" for committing the
instant offense while on supervised release.  (*See* PSR ¶ 32.)  However, because
Amendment 821 was made retroactive under USSG §1B1.10(d), it is expressly
excluded under §1B1.13(b)(6), which only considers non-retroactive amendments.

society while he was granted temporary home confinement under the CARES Act in 2021, are encouraging. However, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason," USSG §1B1.13(d), and Albrecht has not established an extraordinary and compelling reason for early release.

## III.   Section 3553(a) Factors

Furthermore, demonstrating an extraordinary and compelling reason to reduce a sentence meets only one element of § 3582(c)(1)(A). To determine whether relief is appropriate, a court must also consider the federal sentencing objectives set forth in 18 U.S.C. § 3553(a). Pertinent factors include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory Guidelines range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* §§ 3553(a)(4), (6).

Albrecht's involvement in drug trafficking was significant and ongoing prior to his sentencing in 2011. In February 2001, at age 22, Albrecht was convicted in state court for intent to distribute dangerous drugs, receiving a five-year deferred

sentence. (PSR ¶ 29.) Less than one year later, he was involved in a federal

conspiracy to distribute methamphetamine and sentenced to 60 months in BOP

custody and five years of supervised release. (*Id.* ¶ 30.) A little over a year and a

half after he was released, Albrecht began his involvement in the instant offense,

which included traveling to Oregon and Washington to obtain dangerous drugs and

culminated in Albrecht being held responsible for distributing 11 pounds 6 ounces

of methamphetamine. (*Id.* ¶¶ 8–13.) Based on this conduct and his Career

Offender status, Albrecht's advisory Guidelines range was 292 to 365 months. (*Id.*

¶ 63.) Albrecht instead received a mandatory minimum sentence of 240 months,

which was 52 months below his advisory Guidelines range. (Doc. 58 at 2.)

At sentencing, the Court determined that "[t]he seriousness of the offense

and defendant's lack of respect for the law merit at least the sentence as imposed,"

and suggested that a sentence of upwards of 360 months would be appropriate,

considering "[s]pecific deterrence is a serious issue here and supports a lengthy

term of imprisonment." (Doc. 59 at 4.) Thus, Albrecht's existing sentence reflects

a thoughtful consideration of the nature and circumstances of the offense and his

personal history and characteristics. Put simply, a 240-month sentence was the

lowest the Court could justify in light of his conduct. And although the

circumstances surrounding the recission of his release to home confinement under

the CARES Act are unfortunate, as Albrecht points out, his disciplinary record in

the BOP is "checkered."  (Doc. 97 at 12.)  Ultimately, reducing his sentence to the

time he has served to date would denigrate the seriousness of his crime and

undermine respect for the law.  *See* 18 U.S.C. § 3553(a)(2)(A)–(C).

CONCLUSION

Accordingly, IT IS ORDERED that the defendant's motion for

compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docs. 91, 96) is DENIED.

DATED this 23rd day of September, 2024.

Donald W. Molloy, District Judge
United States District Court